CELIA BILLET, PLAINTIFF-RESPONDENT, v. PENNSYL-
VANIA FIRE INSURANCE COMPANY, DEFENDANT-
APPELLANT.

Argued November 8, 1923—Decided March 4, 1924.

**Insurance—Motor Vehicle Theft—Locking Device Endorsement —Device out of Commission at Time of Theft Not Grounds for Avoiding Payment—No Evidence of Value of Car— Court Directed Verdict for Full Amount of Policy—New Trial as to Measure of Damages Only.**

On appeal.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the appellant, *Vanderbilt & Hedden.*

For the respondent, *William E. Holmwood.*

PER CURIAM.

The suit in this case was brought to recover the value of a Buick car, which had been stolen, under a policy number 89161, to which had been attached an automobile locking device endorsement, which provides that the insured undertakes during the currency of the policy "to use all diligence and care in maintaining the efficiency of said locking device [a Tilt-Locking device] and in locking the automobile when leaving the same unattended." It was shown that the car lock had been out of commission for at least two weeks before the date of the theft, and that the plaintiff's husband had left the car in that condition when it was stolen. It is contended by the defendant that this avoids the policy as a matter of law. We think not. This under the evidence was a question of fact for the jury, and it was not error for the trial court not to direct a verdict in favor of the defendant.

The policy of insurance states "the amount of insurance twenty-eight hundred dollars ($2,800)." The trial judge treated this as a valued policy and directed the jury to find a verdict for the plaintiff for the sum of $2,800. There was no evidence as to the value of the stolen car. This we think was error. *Flanagan* v. *Camden Mutual Insurance Co.*, 25 *N. J. L.* 506; *Savarere* v. *Hartford Fire Insurance Co.* (*New Jersey Court of Errors and Appeals*), March 3d, 1924 (No. 56). As the only question with respect to which the judgment is found to be wrong is the measure of damages, the new trial will be limited thereto. *Young* v. *Society, &c., 91 L.* 310. The judgment is reversed and a *venire de novo* awarded, but limited to the question of damages only.